MEUNIER BROTHERS, PLAINTIFFS AND APPELLEES, *v.* AMILL, DEFENDANT AND APPELLANT.

Appeal from the District Court of Mayagüez in an Action of Debt.

No. 1562.—Decided July 28, 1917.

DEBT—PLEADING—ACKNOWLEDGMENT OF DEBT.—Under section 122 of the Code of Civil Procedure, which provides that in the construction of a pleading for the purpose of determining its effects its allegations must be liberally construed with a view to substantial justice between the parties, it having been alleged in the complaint in this case that certain merchandise was sold to the defendant, who for that reason acknowledged that he owed a certain amount and promised to pay the same by honoring drafts in the amounts and at the times stated, the other allegations moved to be stricken out are not improper or superfluous, but are essential because they tend to show a subsequent acknowledgment of the said debt by the defendant and not a mere offer to settle.

ID.—ID.—FOREIGN CORPORATION—CAPACITY TO SUE—ANSWER—DEMURRER.—When the plaintiff is a foreign corporation and it is not alleged in the complaint whether it has complied or not with the requirements of the laws of Porto Rico for doing business in this Island, if the defendant wishes to assail

its capacity to sue on the ground of noncompliance with the laws he must allege this expressly as a question of fact in his answer, and if he does not he will be deemed to have waived that defense. The question cannot be raised by demurrer if the complaint contains no allegation on that point.

ID.—ID.—ID.—EVIDENCE—ESTOPPEL.—A certificate from the mayor of the city in which a foreign corporation is doing business is proof of its existence and a denial of this fact by the defendant does not raise the question of its organization; and if it appears that the defendant has done business with the plaintiff he is estopped from denying its existence in an action growing out of the contract.

ID.—PAYMENT—ACCEPTANCE OF PAPER IN PAYMENT—LIMITATION.—A payment for goods sold is not deemed to have been made until the amount due has been actually paid, and the acceptance of bills of exchange or other paper for the amount does not constitute payment unless it appears clearly that the parties agreed to substitute said paper for the original debt; therefore, if the action is not brought to recover on the said paper but to recover the amount of the debt, it is not necessary to consider whether the obligation is extinguished by limitation, or whether the extinguishment was interrupted by acts of acknowledgment of the debt by the debtor.

ID.—APPEAL—JUDGMENT.—Appeals are taken from judgments and not from the grounds on which they are based; therefore, if the judgment is just the erroneous grounds on which the trial court bases the same may be disregarded.

ID.—INTEREST—POWER OF ATTORNEY.—A special power of attorney is not necessary to enable an attorney in fact to contract for and recover interest in behalf of his principal, for the act is beneficial to the latter.

The facts are stated in the opinion.

*Mr. José Sabater* for the appellant.

*Messrs. Benet* and *Suffront* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

On February 20, 1914, appellees Meunier Brothers filed a complaint against appellant Antonio Amill Negroni in the District Court of Mayagüez, alleging in substance that they were a company doing business in Paris according to the laws of France; that at different times Antonio Amill Negroni bought several lots of chocolate from them and having failed to pay cash for the same, they entered into an agreement in which he bound himself to honor six drafts aggregating 3,034.85 francs, to be drawn by the plaintiffs to their own order payable on December 31, 1904, and in the months of March, April, June, August and September, 1905; that although the defendant accepted the said drafts he did not.

pay them at maturity and then agreed to pay interest at
different times at the rate of 10 per cent annually after ma-
turity, but has not fulfilled such promise at any time.  The
fifth allegation of the complaint states that the amount of
the interest from the maturity of the respective drafts to
December 31, 1913, is 2,610 francs.  In the sixth it is alleged
that in the month of May, 1913, the defendant asked Charles
Vere and Santos Filippi, who were acting as agents of the
plaintiffs, to allow him to pay the debt in three instalments,
or one-third on October 11, 1913, one-third on February 11,
1914, and one-third on June 11, 1914, and also requested that
the rate of interest be reduced to 6 per cent annually.  Allega-
tions seven to ten of the complaint set up that the plaintiffs
agreed with the defendant that the latter should pay one-
third of the debt in cash, one-third at the end of three months
and one third at the end of six months, but that they refused
to reduce the rate of interest; that since June of 1913 the
plaintiffs have made extraordinary efforts through their
attorney to collect the debt from the defendant, who on the
said date agreed to pay his indebtedness with interest thereon
at the rate of 10 per cent annually, provided he were allowed
the extension of time requested; that he entertained the
claim and in January, 1914, promised the plaintiffs that he
would negotiate a mortgage loan with which to pay the debt
and the interest; that some days later he informed the plain-
tiffs that he could not obtain the money on a mortgage with-
out paying 2 per cent monthly, and in these circumstances
the attorney for the plaintiffs obtained their consent to extend
the time of payment to December 31, 1914, provided the de-
fendant would secure the payment of his debt with interest
at 10 per cent annually by a mortgage on the house which he
sought to mortgage to a third person; that the defendant
then complained that the interest was very high and the plain-
tiffs reduced the same to 6 per cent annually on the principal
and the interest accrued at 10 per cent annually to December
31, 1913, provided he would create the mortgage forthwith,

whereupon the defendant, contrary to the agreement made
and accepted by him in regard to the interest, asked that all
the interest be reduced; that the plaintiffs being then con-
vinced that the defendant was trying to defer payment in-
definitely, they brought suit for the debt of 3,034.85 francs
and the 2,610 francs interest thereon to December 31, 1913,
tota'ing 5,644.85 francs.

The defendant moved to strike allegations seven to thir-
teen from the complaint and his motion was overruled. He
demurred to the legal capacity of the plaintiffs to sue and
on the ground that under article 500 of the Code of Commerce
the action was barred by limitation. The demurrer was over-
ruled and he answered the complaint, repleading the grounds
of his demurrer and denying the allegations of the plaintiffs
except as to the drawing and acceptance of the drafts and
their non-payment.

The judgment rendered in the action was against the de-
fendant for the 5,644.85 francs claimed, with interest at 6
per cent per annum from January 1, 1914, and the costs,
expenses, disbursements and attorney fees, from which judg-
ment the present appeal was taken by Amill.

The first ground alleged by the appe'lant in support of
his appeal is that the lower court erred in refusing to strike
allegations seven to thirteen from the complaint, they being
impertinent and redundant and it being sought to show
thereby details of compromise or propositions which should
not have been pleaded or brought to trial.

According to section 122 of the Code of Civil Procedure,
in the construction of a pleading, for the purpose of deter-
mining its effect, its allegations must be liberally construed
with a view to substantial justice between the parties; and
under this provision, the complaint having alleged that cer-
tain merchandise was sold to the defendant and that he ac-
know'edged that he owed a certain amount therefor and
agreed to pay the same by honoring drafts at the times and
for the amounts stated therein, we are of the opinion that

the other allegations which the defendant moved the court to strike out were necessary because they tended to show the subsequent acknowledgment of the said debt by the defendant and not mere acts of offers to compromise.

The second error assigned is that the lower court held that the plaintiffs had legal capacity to sue.

The first allegation of the complaint is that Meunier Brothers are a company doing business in Paris under the laws of France. The appellant pleaded in the lower court on demurrer and repeated in his answer that under subdivision 2 of section 105 of the Code of Civil Procedure the plaintiffs had no legal capacity to sue because they did not aver in the complaint that they had complied with the laws of Porto Rico concerning foreign corporations doing business in this country, adding in his brief that the plaintiffs should allege and prove at the trial that they had complied with sections 37 to 42 of the Private Corporations Act in order to be entitled to do business in this country and appear before the courts and offices of the Government.

We have already disposed of that question in the case of *Houston Packing Co.* v. *Pagán, López & Co.,* 20 P. R. R. 233, in which we held that when the plaintiff is a foreign corporation and it is not alleged in the complaint whether or not it has complied with the requirements of the laws of Porto Rico in order to be able to do business in this island, if the defendant desires to question the capacity of the corporation to sue on the ground of failure to comply with the law, he should make that allegation expressly as a question of fact in his answer to the complaint, and if he does not, it will be considered that he has waived that defense. As we said then and now repeat, the complaint contains no allegation from which it appears that plaintiffs have not complied with certain requisites, thereby being prevented from bringing an action in the courts of this island, for which reason it cannot be held that the complaint shows that they are without legal capacity to sue. The appellant in this case did not

allege in his answer that the plaintiffs had failed to comply with such requirements, therefore the said ground of error cannot be sustained.

The trial court adduced the following reasons for holding that the plaintiff company existed. In his answer the defendant denied the first allegation of the complaint, which we have referred to, and for the purpose of proving the allegation the plaintiffs offered in evidence a certificate issued by the mayor of Levalloise Perret to the effect that the corporation Meunier Brothers was engaged in the manufacture of chocolate in the community and that it still carried on that industry and trade in the city. The certificate was admitted over the objection of the defendant on the ground that it was merely a certificate that the said company was a chocolate manufacturer, and the defendant now alleges that the proof should have been a certificate of the Secretary of Porto Rico attesting that the company was authorized to do business in this island, a certificate like the one introduced not being a charter of incorporation.

The first part of the argument is disposed of by our remarks in considering the preceding ground of error, inasmuch as it was the defendant who should have alleged that the plaintiffs had not complied with the requirements of our laws in order to be capacitated to do business in this island and appear before our courts.

As to the remaining part of the argument, the said certificate proves the existence of the plaintiff corporation. Besides, a denial of the existence of a corporation does not raise a question regarding its organization; and it also appears from the record that defendant has done business with the plaintiff corporation and is thereby estopped from denying its existence in an action based on a contract. *Houston Packing Co.* v. *Pagán, López & Co., supra.*

The fourth assignment is that the lower court erred in holding that the limitation against the action set up in the complaint had been interrupted by reason of the negotiations

for settlement entered into by the defendant with the attorney for the adverse party. We understand that the object of the complaint is not to collect the drafts referred to, but that the allegation concerning those papers was made, as we have said before, to show the existence, correctness and acknowledgment of the amount due, and that the end sought is to recover the price of the merchandise sold.

A payment is not understood to be made until the amount due is actually paid, and the acceptance of drafts or other papers for the said payment is not a payment unless it is clearly shown that the parties agreed to substitute the said papers for the original debt, which does not appear in the present case; therefore it is not necessary to consider whether the drafts in this case were outlawed or whether the limitation was interrupted by acts of acknowledgment of the debt by the debtor, because, as stated, in our view of the case the action does not seek to recover on the said drafts, but to recover the value of the merchandise sold to the defendant.

It was proved at the trial that by virtue of the acceptance of the said drafts the defendant acknowledged that he owed 3,034.85 francs for chocolate purchased, and also that after he had failed to pay the same he agreed to pay interest at 10 per cent per annum from the dates of maturity of the respective drafts which he had accepted. The letters of the defendant and of the plaintiffs' attorney which were introduced in evidence show that there never was any question between the parties as to this; that the defendant acknowledged the debt and the said interest; that when in 1913 an attempt was made to collect the said indebtedness he began to ask for time in which to make payment, and that when such time was finally granted him and it was agreed that he shou'd secure the payment of the debt by a mortgage on a property belonging to him, he began to interpose objections to the payment of the interest of 10 per cent and to ask for a reduction. Moreover, the attorney for the plaintiffs, a friend of the defendant, actuated by a desire to favor the

latter, agreed to remit the amount of his professional fees in order to reduce the amount of the debt, but the defendant, by delaying the matter under various pretenses, finally compelled the plaintiffs to bring suit against him.

The real question at issue was not the collection of the drafts but to recover the price of the merchandise sold, and therefore, as appeals are taken from judgments and not from the grounds on which they are based, we may disregard the grounds on which the trial court based its judgment if the judgment is just, nor need we consider whether the court erred in holding that the limitation against the action on the drafts had been interrupted.

The last assignment is that the court erred in giving judgment for the total amount claimed, with interest.

This assignment of error is to a certain extent a repetition of the preceding one, because it is based on the grounds that the action was barred by limitation; that the evidence did not show that the defendant agreed to pay said amount after the expiration of the limitation period of the drafts; that as regards the interest, it was never agreed upon, and that the agent of the plaintiffs was without authority to collect it.

As we have held that the present action was not brought to recover on the drafts, we are not called upon to consider whether or not they were barred by limitation; and as to the evidence, this showed, as we have said, that in the year 1913 the defendant agreed to pay the debt with interest at the rate of 10 per cent per annum.

As to the authority of Charles Vere to collect interest for his principals, the power of attorney exhibited by him not only authorized him to do everything which he might deem necessary in behalf of the plaintiffs' interests, which necessarily includes everything that is beneficial to the principal, such as the collection of interest, but special authority is not necessary to agree upon and collect interest for the agent's principal since this is an act beneficial to the latter.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison concurred in the judgment.